LINDON v. STATE OF INDIANA.

[No. 26,791. Filed April 30, 1937. Rehearing denied September 21, 1937.]

*Florence L. Cook,* for appellant.

*Omer Stokes Jackson,* Attorney-General, and *James K. Northam,* Deputy Attorney-General, for the State.

HUGHES, J.—This is an appeal from the Ripley Circuit Court, denying appellant a writ of error *coram nobis* on his verified petition. The error assigned is that the court erred in denying the petition. It appears that on the 12th day of February, 1931, the appellant, with one Amos Holliday, was charged by indictment with killing and murdering one Lee Hall on the 24th day of December, 1930. The cause was tried by a jury and on the 9th day of July, 1931, appellant was found guilty of second degree murder. On the 4th day of December, 1935, appellant filed his verified petition for a writ of error *coram nobis.* The cause was submitted to the court for trial and after hearing evidence, the court denied the petition. The petition for the writ is very long and for this reason we will only set out the substance thereof.

It is alleged in the petition that the attorneys representing the appellant were guilty of gross negligence in failing to properly represent the appellant. The petition sets out many reasons purporting to show negligence on the part of the attorneys. It is further alleged in the petition that false and perjured evidence was introduced at the trial. It is shown, however, that the false and perjured evidence was in large part that of the appellant himself. He contends that he did not kill the said Lee Hall but that one Amos Holliday was the one who committed the murder and that said Holliday induced the appellant to swear that he was the one who shot the said Hall with a shotgun. He now claims in his petition for a writ of error *coram nobis* that the testimony that he gave in the original trial was false and

that Holliday was the real party who used the shotgun in the killing of said Hall.

It was also alleged in appellant's petition that the prosecuting attorney, Ewing E. Wright, was guilty of improper conduct in the trial of the original case, in that he intimidated witnesses to testify against the appellant and that he was guilty of perpetration of fraud upon the court, jury and the petitioner during the course of the trial. Many other allegations are contained in the petition of the appellant, but the greater part of the petition is taken up with allegations as to the negligence of the attorney and the conduct of the prosecuting attorney.

Under propositions, points and authorities, the appellant's brief is predicated largely upon the alleged negligence of the attorneys in representing him at the original trial, and also in regard to the conduct of the prosecuting attorney. The appellant also relies upon newly discovered evidence as a reason why the petition should have been granted. All of the propositions and points presented by the appellant present questions which could only be determined by an examination of the evidence. There is no bill of exceptions, containing the evidence and therefore none of the propositions raised by the appellant can be considered by this court. In addition to the transcript, the appellant has filed additional matters which is denominated Vol. 2. It consists of 214 pages. Included in this separately bound volume are the instructions given in the original trial, the petition for the writ of error *coram nobis*, affidavits of numerous parties, a brief consisting of 127 pages, affidavits and indictment against certain persons for violating the liquor laws of the State of Indiana and numerous letters. It is no part of the transcript and cannot be considered.

The lower court heard the evidence and decided

against the contention of appellant. In the absence of the evidence, we must presume that the decision  and judgment rendered was proper under the evidence submitted to him and, therefore, the case must be affirmed.

Judgment affirmed.